GUIDRY, Judge.
Plaintiffs, Jessie and Rosie Mae Courville, husband and wife, instituted this action against Maurice Castania and Allstate Insurance Company to recover damages for personal injuries and related special damages allegedly sustained as a result of a fall by Mrs. Courville. The defendant, Allstate, is the liability insurer of the premises where the accident occurred. Maurice Castania is the owner of the insured premises. The matter was tried before a jury which returned a verdict in favor of defendants. Accordingly, plaintiffs’ suit was dismissed with prejudice and at their cost. Plaintiffs have appealed.
The record reflects that on November 20, 1973, Mrs. Courville was visiting Mrs. Adrien Wyble at a trailer home owned by Maurice Castania. The trailer home, located at 614 West Bertheaud Street in the City of Opelousas, Louisiana, was being rented by the Wybles. During this visit it began to rain. Mrs. Courville, realizing that she had left the windows down in her car, left the trailer for the purpose of raising her car windows. While descending the steps of the trailer (3 tiered concrete steps lying on a concrete slab) Mrs. Courville lost her footing, fell off of the steps and fractured her left ankle.
Mrs. Courville does not contend that the steps were defective or dangerous. To the contrary she admitted that the steps were not defective. (Tr. pgs. 17 and 21) Plaintiffs contend, however, that when Mrs. Courville lost her footing descending the steps, she stepped into a hole at the side of the stoop which caused her to fall, twisting and breaking her left ankle in the process. The only negligent act sought to be attributed by plaintiff to the defendant, Mr. Cas-tania, is his knowingly permitting his premises to be and remain in an unsafe condition, i. e., a hole in the ground in the immediate area of the entrance steps to one of his rent trailers. Defendants deny that there was a hole or depression in the ground at the side of the stoop.
The existence or non-existence of a hole or depression in the ground near the steps of the Wyble trailer is the only controverted fact in the record. The jury accepted the testimony of the defendant and his witnesses that there was no hole or depression in the ground near the stoop of the Wyble trailer and rejected the testimony of Mrs. Courville and her only witness, Mr. Adrien Wyble, to the contrary.
An appellate court will not disturb the factual findings of the trier of fact where there is evidence in the record, which upon its reasonable evaluation as to credibility, furnishes a reasonable basis supporting the finding. Plescia v. Dunham, 319 So.2d 812 (La.App. 1st Cir. 1975) and cases therein cited. As stated in Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973):
“. . . the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable . . .”
Plaintiffs contend on appeal that the trial court, upon objection by defendant, *1108 erroneously excluded from evidence and viewing by the jury, certain photographs which allegedly establish the existence of the hole or depression that proximately caused Mrs. Courville’s injury. Plaintiffs contend that this alleged error by the trial judge was devastatingly fatal to plaintiffs’ case. We have examined the record and determine that the trial court properly excluded this evidence.
The photographs referred to are part of the record and have been marked P-4 through P-8. At a pre-trial conference, counsel for both parties stipulated that these photographs might be introduced into the record of this proceeding without producing the photographer who took the same. Defendants waived no other objection that they might have to the admissibility of these photographs. When plaintiffs attempted to introduce these photographs defense counsel objected to their admissibility on the ground that their relevance, not their genuineness, had not been established. In other words, defendants objected, because at the time such photographs were sought to be introduced, plaintiff had not then established by any witness that the photographs were of the steps at the Wyble trailer. Counsel for plaintiff then suggested that he would establish relevance by other witnesses, however, it is clear from the record that he never proved relevance. Neither plaintiff nor her witness could testify that the photographs were reflective of the condition of the steps or the area surrounding the Wyble trailer on the date of the accident. The trial court then excluded the photographs. We conclude, as did the trial court, that these photographs were inadmissable inasmuch as appellant offered no evidence to establish their relevancy.
Although we have concluded that the trial court properly excluded plaintiffs’ exhibits P-4 through P-8, in an overabundance of caution, we considered these photographs in our review of the record (Broussard v. State Farm Mutual Automobile Ins. Co., 188 So.2d 111 (La.App. 3rd Cir. 1966) writ refused 249 La. 713, 190 So.2d 233, certiorari denied 386 U.S. 909, 87 S.Ct. 855, 17 L.Ed.2d 783) and determine that the preponderance of the evidence supports the jury’s verdict. The photographs in question do not reflect the presence of any discernible hole or depression. These photographs show the presence of shell alongside of the steps, although both Mrs. Courville and her witness denied that there was any such material adjacent to the steps on the date of the accident. The area shown in these photographs (P-4 through P-8) does not even remotely resemble the area as shown in photographs D-l and D-2 which are admittedly of the steps to the Wyble trailer and were taken the day following the accident.
For the foregoing reasons the judgment appealed from is affirmed at the cost of appellants.
AFFIRMED.